JOHN H. E. SAND, Appellant, Respondent, *v.* GARFORD MOTOR TRUCK COMPANY, INC., Respondent, Appellant.

Second Department, January 5, 1923.

Sales — action for breach of warranty of two motor trucks — complaint dismissed as to one truck on ground that it was sold before date of rescission of contract — sale not proven as matter of law — sale did not bar recovery of damages — Personal Property Law, § 150, applied — recovery allowed as to other truck but judgment did not direct dismissal of complaint as to first truck — Appellate Division may, under Civil Practice Act, § 105, correct record to show dismissal and adjudicate thereon as corrected.

In an action to recover damages for the breach of warranty of two motor trucks, it was error for the court to dismiss the complaint as to one of the trucks on the ground that the plaintiff had sold the truck prior to the time he rescinded the contract, for under the evidence it could not be said as a matter of law that the plaintiff had sold the truck and at most it was a question for the jury to determine whether a sale had been made.

Furthermore, if the plaintiff had sold the truck prior to the time when he rescinded the contract for a breach of warranty, the sale was not, under section 150 of the Personal Property Law, a bar to his action to recover damages.

After the dismissal of the complaint as to the first truck, the case proceeded and a verdict was rendered in favor of the plaintiff as to the second truck, which was not against the weight of the evidence as claimed by the defendant, but the judgment entered made no reference to the dismissal of the complaint as to the first truck.

*Held,* that the question whether or not error was committed in dismissing the complaint as to the first truck is not presented by the judgment in the form in which it was entered, but under the circumstances, the defendant having begun an action to recover on the notes given in payment for the first truck, a case is presented where, in the interests of justice, the Appellate Division should correct the record as provided in section 105 of the Civil Practice Act, so that the judgment may recite the actual proceedings at the trial, and adjudicate thereon accordingly, so that the parties may be placed in position where they may litigate the plaintiff's claim for breach of warranty on the sale of that truck.

CROSS-APPEALS by the plaintiff, John H. E. Sand, and by the defendant, Garford Motor Truck Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of July, 1922, upon the verdict of a jury.

The defendant also appeals from an order entered in said clerk's office on the 17th day of June, 1922, denying its motion for a new trial made upon the minutes.

*Frank H. Towsley* [*John Vance Hewitt* with him on the brief], for the defendant.

*Burt L. Rich,* for the plaintiff.

KELLY, J.:

The record presents a somewhat complicated situation. The plaintiff sued for damages for breach of warranty on the sale of two motor trucks designated by the numbers 1530 and 1575 purchased by plaintiff from defendant for $4,300 each. Plaintiff claimed that the trucks were improperly built so that they were practically useless, that he rescinded the contract and he asked damages in the amount paid for the trucks. Payment had been made part in cash on receipt of each truck, and the balance secured by installment notes made by plaintiff to defendant's order. The answer admitted the sale of the trucks, payment in cash and notes as alleged, and denied the other allegations in the complaint.

The action was brought on for trial and at the close of the plaintiff's case the learned trial justice dismissed the complaint as to truck 1530, holding as matter of law that plaintiff could not recover damages as to that truck for the reason that he had

sold it prior to the alleged date of rescission of the contract. The plaintiff denied the sale, but the learned justice held as matter of law that the sale was proven. In this we think he erred. There is grave doubt whether any sale was proved, and at the most there was a question of fact. And even though plaintiff had parted with the truck, which he denied, he was not barred from recovering damages (Pers. Prop. Law, § 150, as added by Laws of 1911, chap. 571), and a proper case was presented for an amendment of the complaint as to this truck. However, no application was made for amendment, the complaint was dismissed as to truck 1530 and the action proceeded as to truck 1575, resulting in a verdict for the plaintiff for the full amount of the consideration paid, $4,300. The learned trial justice directed that upon surrender of plaintiff's outstanding promissory notes given on the purchase of this truck, the recovery should be reduced to the actual cash paid, and accordingly judgment was entered in plaintiff's favor for $1,576.32, with costs.

This judgment was entered upon motion of the plaintiff's attorneys and it contains no reference to the dismissal of the complaint as to truck 1530. The defendant appeals from the judgment, alleging that the verdict as to truck 1575 is against the evidence, that the contract was not rescinded within a reasonable time and that plaintiff failed to prove a breach of warranty. On defendant's appeal we think the judgment is right and that it should be affirmed.

But the plaintiff also appeals from the judgment entered in his favor on motion of his attorneys, and argues that the learned trial justice erred in dismissing the complaint as to truck 1530, a question not presented by the judgment in the form in which it was entered. And the plaintiff says in his points that he does not ask a reversal of the judgment, but presents the appeal to obtain " an expression of this Court upon the question of whether the Court committed error in granting the dismissal." And it is stated that the defendant has commenced an action against the plaintiff upon the outstanding notes given in part payment for truck 1530, asserting that the judgment in this action is *res adjudicata* as to plaintiff's claim for breach of warranty on the sale of that truck. It would appear that a case is presented where in the interests of justice this court should correct the record as provided in Civil Practice Act, section 105, so that the judgment may recite the actual proceedings at the trial and adjudicate accordingly, and so that the parties may be placed in position where they may litigate the claim of plaintiff for breach of warranty on the sale of truck No. 1530.

Upon defendant's appeal, the judgment and order should be unanimously affirmed, with costs.

Upon plaintiff's appeal, the judgment should be modified by inserting therein a recital that at the close of plaintiff's case in chief the court, upon motion of the defendant, dismissed the complaint as to plaintiff's claim for damages under allegations of breach of warranty on the sale of motor truck No. 1530, and so as to adjudge that the complaint be dismissed as to said claim; and as so modified the judgment, in so far as it dismisses the complaint for damages for breach of warranty upon the sale of motor truck No. 1530, should be reversed upon the law and the facts, without costs, and a new trial granted of said issue.

JAYCOX, MANNING, KELBY and YOUNG, JJ., concur.

Upon defendant's appeal, the judgment and order are unanimously affirmed, with costs.

Upon plaintiff's appeal, the judgment is modified in accordance with opinion.

As so modified the judgment, in so far as it dismisses the complaint for damages for breach of warranty upon the sale of motor truck No. 1530, is reversed upon the law and the facts, without costs, and a new trial granted of said issue.